THE PEOPLE OF THE STATE OF NEW YORK ex rel. OWEN
CASSIDY, Respondent, *v.* JOHN S. WHALEN, Secretary of
State, Appellant.

*People ex rel. Cassidy* v. *Whalen*, 121 App. Div. 902, affirmed.
(Argued September 30, 1907; decided October 3, 1907.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the third judicial department, entered
August 3, 1907, which affirmed an order of Special Term
granting a motion for a peremptory writ of mandamus to
compel the defendant to issue election notices with the office
of state senator as one of the offices to be filled at the
approaching general election omitted therefrom.

*William S. Jackson, Attorney-General* (*George P. Decker*
of counsel), for appellant.

*Celora E. Martin* for respondent.

*Per Curiam.* When this court passed upon the cases of *Sherrill et al.* v. *O'Brien* (188 N. Y. 185) and decided that the Apportionment Act of 1906 was unconstitutional, it deemed it proper to express its views in reference to the status of the legislature which had been elected under that apportionment then being held invalid. It felt that it was compelled to do this by proper regard for public interests and to avoid general confusion, litigation and even temporary instability of the state government. In accordance with this sense of duty the court plainly and deliberately expressed the opinion that the legislature duly elected by the People under the apportionment of 1906, void though it was subsequently held to be, was a *de facto* body whose acts in all respects were valid; that as a *de facto* body each house, under the Constitution, had not only the exclusive power but the exclusive right to judge of the title of any of its members to a seat therein; that whoever was received by either house as its legally elected member and entitled to a seat became thereby a *de jure* member and that, therefore, each member, so long as the particular house to which he had been elected did not oust him, was not only a *de facto* but a *de jure* officer whose title could not be challenged before any tribunal except the house itself; that there could be no vacancy in any particular district which the governor or other officer could call upon the electors to fill, unless the house ousted the member and declared him not entitled to his seat.

The argument addressed to us by the learned attorney-general does not persuade us that the judgment then reached by this court should be now reversed, or that it justifies the issue of notice by the secretary of state for the election of a senator in each district of the state.

The order appealed from should be affirmed, with costs.

CULLEN, Ch. J., O'BRIEN, EDWARD T. BARTLETT, HAIGHT, VANN, HISCOCK and CHASE, JJ., concur.

Order affirmed.